UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re SOUNDVIEW ELITE LTD., et al.,

        Debtors.

-----------------------------------------------------------------

CORINNE BALL as Chapter 11 Trustee of
SOUNDVIEW ELITE LTD.,

                  Plaintiff,
    -against-

SOUNDVIEW COMPOSITE LTD.,

                  Defendant.

No. 1:14-cv-8615 (GHW)

**REPLY BRIEF OF APPELLANT ALPHONSE FLETCHER, JR.**

SHER TREMONTE LLP
80 Broad Street, Suite 1301
New York, New York 10004
Tel: 212.202.2600
rknuts@shertremonte.com

*Attorneys for Appellant
Alphonse Fletcher, Jr.*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT .............................................................................................................................1

    I.   FLETCHER HAS STANDING TO APPEAL THE SEPTEMBER 23 ORDER ....1

        A.  Fletcher Is A "Person Aggrieved" by the September 23 Order .........................1

        B.  Fletcher Has Standing to Appeal The Ruling Concerning Waiver of the
           Attorney-Client Privilege ...................................................................................3

    II.  THE ISSUES RAISED ARE RIPE FOR APPEAL...................................................4

        A.  Fletcher's Challenge to the Continuing Restraints on Soundview Composite's
           Funds in the Wilmington Trust Account Is Ripe ................................................4

        B.  The September 23 Order is Final and Appealable .............................................5

    III.  FLETCHER'S APPEAL HAS FACTUAL AND LEGAL MERIT .........................7

        A.  Soundview Composite Did Not Consent To The Restraints..............................7

        B.  The Restraints Imposed By The Bankruptcy Court Are Precluded by *Grupo
           Mexicano* ..............................................................................................................7

    IV.  THE BANKRUPTCY COURT ERRED IN FINDING THAT SOUNDVIEW
        COMPOSITE WAIVED THE ATTORNEY-CLIENT PRIVILEGE.............................8

    CONCLUSION ...................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Deary v. Guardian Loan Co.*, 534 F. Supp. 1178 (S.D.N.Y. 1982) ................................... 4

*Dusenberry v. United States,* 534 U.S. 161 (2002) ........................................................ 10

*Fastiggi v. Comm'r*, No. 11-cv-997 (RA), 2014 WL 1285125 (S.D.N.Y. Mar. 31, 2014) 10

*Grupo Mexicano de Desarollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999) 4, 7

*Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122 (2d Cir. 2014) ............................................. 7

*In re Barnet*, 737 F.3d 238, 243 (2d Cir. 2013) ............................................................ 1, 3

*In re Criminal Contempt Proceedings Against Gerald Crawford, Michael Warren*, 329 F.3d 131, 136 (2d Cir. 2003) ....................................................................................... 6

*In re DBSD N. Am., Inc.*, 634 F.3d 79 (2d Cir. 2011) ........................................................ 2

*In re E. C. Ernst, Inc.*, 2 B.R. 757 (S.D.N.Y. 1980) .......................................................... 2

*In re Hawker Beechcraft, Inc.*, 2013 WL 6673607 (S.D.N.Y. Dec. 18, 2013) ................... 5

*In re Lyondell Chem. Co.*, No. 11-mc-387 (JPO), 2012 WL 163192 (S.D.N.Y. Jan. 18, 2012) ............................................................................................................................. 6

*In re MF Global, Inc.*, 505 B.R. 623 (S.D.N.Y. 2014) ....................................................... 1

*In re Palm Coast, Matanza Shores Ltd. P'ship*, 101 F.3d 253 (2d Cir. 1996) ................... 5

*In re Zarnel,* 619 F.3d 156 (2d Cir. 2010) ......................................................................... 3

*Klipsch Grp., Inc. v. Big Box Store Ltd.*, No. 12-cv-6283 (AJN), 2012 WL 5265727 (S.D.N.Y. Oct. 24, 2012) ............................................................................................... 8

*Pan Am. World Airways, Inc. v. Flight Eng'rs' Int'l Ass'n, PAA Chapter, AFL-CIO*, 306 F.2d 840 (2d Cir. 1962) ................................................................................................. 6

*Pereira v. Farace*, 413 F.3d 330 (2d Cir. 2005) ............................................................... 7

*Scott v. Chipotle Mexican Grill, Inc.*, No. 12-cv-08333 (ALC) (SN), 2014 WL 7236907 (S.D.N.Y. Dec. 18, 2014) ............................................................................................... 4

*Sutton v. New York City Transit Auth.*, 462 F.3d 157 (2d Cir. 2006) ................................ 6

*Swift Spindrift, Ltd. v. Alvada Ins., Inc.*, No. 09-cv-9342 (AJN) (FM), 2013 WL 3815970 (S.D.N.Y. July 24, 2013) ................................................................................................. 9

*Upjohn Co. v. United States*, 449 U.S. 383 (1981) ............................................................... 4

**Statutes**

28 U.S.C. § 158(a)(1) (2012) .................................................................................................. 5

**Rules**

Fed. R. Bankr. P. 7065 ............................................................................................................ 4

Fed. R. Civ. P. 65 ............................................................................................................ 4, 5, 7

Fed. R. Evid. 502(a) ............................................................................................................ 7, 8

Alphonse Fletcher, Jr. ("Fletcher") respectfully submits this memorandum of law in reply to the briefs submitted by Corinne Ball, in her capacity as Chapter 11 Trustee (the "Trustee") and Peter Levine ("Levine"), former counsel for Soundview Composite, Ltd. ("Soundview Composite").

## PRELIMINARY STATEMENT

The Trustee and former counsel Levine take a scattershot approach to attacking Fletcher's appeal of the order issued by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on September 23, 2014 (the "September 23 Order"), raising issues of standing, ripeness, factual merit and legal merit. For the reasons set forth below, Fletcher clearly possesses standing to appeal the September 23 Order, which is ripe for appeal from the Bankruptcy Court to this Court. Moreover, Fletcher's appeal is meritorious and provides ample factual and legal reasons for this Court to reverse the September 23 Order in its entirety, with the exception of the provision of the Order granting Levine's motion to withdraw as counsel for Soundview Composite in the underlying adversary proceeding.

## ARGUMENT

### I.

### FLETCHER HAS STANDING TO APPEAL THE SEPTEMBER 23 ORDER

A.  **Fletcher Is A "Person Aggrieved" by the September 23 Order**

"[I]n order to have standing to appeal from a bankruptcy court ruling, an appellant must be a person aggrieved—a person directly and adversely affected pecuniarily by the challenged order of the bankruptcy court." *In re MF Global, Inc.*, 505 B.R. 623, 628 (S.D.N.Y. 2014) (quoting *In re Barnet*, 737 F.3d 238, 243 (2d Cir. 2013)) (internal

1

quotation marks omitted). The determination of whether an appellant has standing "requires more than mere speculation," *In re DBSD N. Am., Inc.*, 634 F.3d 79, 110 (2d Cir. 2011), but is ultimately "a question of fact for the district court." *In re E. C. Ernst, Inc.*, 2 B.R. 757, 760 (S.D.N.Y. 1980). The Second Circuit has noted that, as a "general rule, we 'grant standing to [individuals] . . . appeal[ing] orders of the bankruptcy court . . . [that] directly affect [their] ability to receive payment of their claims.'" *In re DBSD N. Am., Inc.*, 634 F.3d at 89 (citation omitted).

The Trustee asserts that Fletcher has no standing to appeal the September 23 Order because there is no evidence of "any pecuniary [e]ffect that such order has had or may have on him personally."[1] However, the record establishes that the September 23 Order had a direct and adverse pecuniary effect on Fletcher. For example, the September 23 Order expressly preserved "[t]he Trustee's right to seek recovery from each recipient of funds from the $100,000 distribution authorized by the Court . . . and to the extent such recovery is not achieved, . . . any claims such recipients may have against Composite shall be reduced by the amount not recovered." Order at 11 ¶ 8, *In re Soundview Elite, Ltd.*, No. 14-ap-1923 (REG) (Bankr. S.D.N.Y. Sept. 23, 2014), ECF No. 46 [hereinafter "Sept. 23 Order"]. This provision of the September 23 Order had a "direct[ ] and adverse[ ] pecuniar[y] impact" on Fletcher in two ways. First, as both the Trustee and Levine have noted, Fletcher was one of the recipients of the $100,000 distributed from Soundview Composite's account with the Wilmington Trust Company (the "Wilmington Trust Account"). Trustee Br. at 13. Second, Fletcher had claims

---

[1] Appellee Brief of the Chapter 11 Trustee at 18, *In re Soundview Elite, Ltd.*, No. 1:14-cv-8615 (GHW) (S.D.N.Y. Jan. 6, 2015), ECF No. 11 [hereinafter "Trustee Br."].

2

against Soundview Composite for, *inter alia*, "director fees" and "consulting fees."[2] Under the September 23 Order, if Soundview Composite did not repay the distributed funds to the Wilmington Trust Account and the Trustee could not recover them from their recipients, Fletcher's claims for director and consulting fees would be reduced. *See* Sept. 23 Order at 11 ¶ 8.

**B.     Fletcher Has Standing to Appeal The Ruling
         Concerning Waiver of the Attorney-Client Privilege**

Levine argues that, even if Fletcher has standing to appeal other aspects of the September 23 Order, "Fletcher, not being aggrieved by [the Bankruptcy Court's] ruling that [Soundview] Composite had waived the attorney-client privilege, . . . has no standing to maintain an appeal from the ruling." Levine Br. at 19. However, under the "person aggrieved" test, *no* party would *ever* have standing to appeal a finding of waiver, because no waiver of the attorney client privilege ever results in a direct pecuniary effect on *any* party. Thus, if the "person aggrieved" test were the only test for standing, a finding of waiver of the attorney-client privilege would effectively be unreviewable. "Even *absent a direct pecuniary interest* in the litigation, a *public interest* may also give a sufficient stake in the outcome of a bankruptcy case to confer appellate standing." *In re Barnet*, 737 F.3d at 242 n.1 (emphasis added) (quoting *In re Zarnel,* 619 F.3d 156, 162 (2d Cir. 2010)) (internal quotation marks omitted). The United States Supreme Court has noted that "the purpose of the attorney-client privilege is . . . to promote broader public interests in the observance of law and the administration of justice." *Scott v. Chipotle Mexican*

---

[2]     Declaration of Michael J. Dailey in Support of the Trustee's Motion for a Preliminary Injunction, Ex. V, *In re Soundview Elite Ltd.*, No. 14-ap-1923 (REG) (Bankr. S.D.N.Y. Dec. 1, 2014), ECF No. 75.

*Grill, Inc.*, No. 12-cv-08333 (ALC) (SN), 2014 WL 7236907, at *1 (S.D.N.Y. Dec. 18, 2014) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 393 (1981)).

Here, Fletcher is the person who is alleged to have waived the privilege.[3] Fletcher is also the subject of otherwise privileged communications disclosed after the finding of waiver was made.[4] Thus, Fletcher has standing to protect the public interest in the enforcement of the attorney-client privilege in these proceedings.

## II.

### THE ISSUES RAISED ARE RIPE FOR APPEAL

**A. Fletcher's Challenge to the Continuing Restraints on Soundview Composite's Funds in the Wilmington Trust Account Is Ripe**

The United States Supreme Court has recognized that "before judgment . . . an unsecured creditor has no rights at law or in equity in the property of his debtor," and that "the requirement that a creditor obtain a prior judgment is a *fundamental protection in debtor-creditor law.*" *Grupo Mexicano de Desarollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 330 (1999) (emphasis added). This requirement is based on the notion that "[n]otice of the seizure, or the attempt to seize, property of a debtor is a fundamental element of due process." *Deary v. Guardian Loan Co.*, 534 F. Supp. 1178, 1187 (S.D.N.Y. 1982). Indeed, Federal Rule of Civil Procedure 65, which is applicable in adversary proceedings in bankruptcy courts, *see* Fed. R. Bankr. P. 7065, expressly

---

[3] Transcript at 52:1, *In re Soundview Elite Ltd.,* No. 14-ap-1923 (REG) (Bankr. S.D.N.Y. Sept. 4, 2014), ECF No. 35 [hereinafter "Sept. 3 Hearing Tr."] (noting that "the privilege was waived *by Mr. Fletcher*") (emphasis added).

[4] Affidavit of Peter M. Levine ¶ 15 & Ex. 9, *In re Soundview Elite, Ltd.*, No. 14-ap-1923 (REG) (Bankr. S.D.N.Y. Sept. 8, 2014) [hereinafter "Levine Aff."] (referring to and disclosing "an extended email exchange with Fletcher and Ladner from July 21 to 31").

4

provides that "a court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a).

Here, the "restraints" on the funds in the Wilmington Trust Account were imposed without notice, without giving Soundview Composite an opportunity to be heard, and well before any motion for a preliminary injunction was ever filed. These restraints have existed for more than three months. Though the Trustee argues that Fletcher's appeal of the restraints on the Wilmington Trust Account is not ripe because the motion for a preliminary injunction has yet not been decided, *see* Trustee Br. at 19–20, it is the very fact that restraints exist prior to even a motion for a preliminary injunction that makes such restraints improper, and they should be vacated immediately.

### B. The September 23 Order is Final and Appealable

Under 28 U.S.C. § 158(a), "district courts . . . have jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a)(1) (2012). The Second Circuit has recognized that, "for purposes of appeal, the standard of finality is more flexible in a bankruptcy context than in ordinary civil litigation." *In re Palm Coast, Matanza Shores Ltd. P'ship*, 101 F.3d 253, 256 (2d Cir. 1996). A bankruptcy court order is final if it resolves the issues pertaining to a discrete claim, such as the proper relief. *See In re Hawker Beechcraft, Inc.*, 2013 WL 6673607, at *3 (S.D.N.Y. Dec. 18, 2013).

Here, the September 23 Order purported to rule on the issues pertaining to three discrete claims: (1) Soundview Elite's supposed entitlement to information requested via a letter sent <u>after</u> the September 3, 2014 hearing before the Bankruptcy Court (the "September 3 Hearing"); (2) the amount of attorney's fees to which Levine was allegedly

5

entitled; and (3) Soundview Composite's possible waiver of the attorney-client privilege. Sept. 23 Order at 11-12, ¶ 9, 10 ¶ 2, 8 ¶ 29.

The provision of the September 23 Order preserving the "restraints" on the assets in the Wilmington Trust Account is, in effect, a temporary restraining order. As such, because it has been in effect for far longer than the twenty-day statutory period authorized by Federal Rule of Civil Procedure 65, it "ha[s] . . . the same practical effect as a preliminary injunction . . . [and] is appealable . . . ." *In re Criminal Contempt Proceedings Against Gerald Crawford, Michael Warren*, 329 F.3d 131, 136 (2d Cir. 2003) (quoting *Pan Am. World Airways, Inc. v. Flight Eng'rs' Int'l Ass'n, PAA Chapter, AFL-CIO*, 306 F.2d 840, 843 (2d Cir. 1962)) (internal quotation marks omitted).

Moreover, to the extent that the September 23 Order awards attorney's fees to Levine, the September 23 Order is appealable under the collateral order doctrine. *See Sutton v. New York City Transit Auth.*, 462 F.3d 157, 160 (2d Cir. 2006); *In re Lyondell Chem. Co.*, No. 11-mc-387 (JPO), 2012 WL 163192, at *3 (S.D.N.Y. Jan. 18, 2012). The attorney fee award "conclusively determine[d] a disputed question" that is "separate from the merits of the action." Indeed, the amount of attorney's fees to which Levine was entitled was the subject of an entirely separate, confidential arbitration proceeding. The fee award is also "effectively unreviewable on appeal," in that any appeal of a judgment in the Trustee's favor in the adversary proceeding would be limited to a review the award of a turnover order and accounting, not the award of attorney's fees to Levine.

# III.

## FLETCHER'S APPEAL HAS FACTUAL AND LEGAL MERIT

### A. Soundview Composite Did Not Consent To The Restraints

The Trustee argues that "Soundview Composite should not be allowed to renege on commitments made by the 'Fletcher team' to the Bankruptcy Court to . . . preserve th[e] assets" in the Wilmington Trust Account. Trustee Br. at 21. However, as described in Fletcher's appeal brief, any "commitments made by the 'Fletcher team'" were not: (a) made by Soundview Composite or any person with actual or apparent authority to bind Soundview Composite; or (b) made for the duration of the adversary proceeding. The Trustee's heavy reliance on the alleged "commitments" underlines the absence of any actual legal authority for the restraints imposed by the Bankruptcy Court.

### B. The Restraints Imposed By The Bankruptcy Court Are Precluded by *Grupo Mexicano*

In *Grupo Mexicano*, 527 U.S. at 308, the United States Supreme Court held that courts "had no authority," under Federal Rule of Civil Procedure 65, "to issue a preliminary injunction preventing [a defendant] from disposing of [its] assets pending adjudication of [a] contract claim for money damages." *Id.* at 333. Though the Supreme Court's decision in *Grupo Mexicano* has been held not to apply to claims for equitable— rather than legal—relief, *see, e.g.*, *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 131 (2d Cir. 2014), a plaintiff's characterization of her claims as "equitable" is not dispositive. The court must "look beyond [a plaintiff's] characterization[ ] to what the claim for relief actually [is]." *Pereira v. Farace*, 413 F.3d 330, 339 (2d Cir. 2005).

Here, the Trustee asserts that *Grupo Mexicano* does not apply because her claims are "equitable in nature." Trustee Br. at 22. However, the mere fact that the Trustee

7

refers to her claim as "equitable" does not establish it as such. *See Klipsch Grp., Inc. v. Big Box Store Ltd.*, No. 12-cv-6283 (AJN), 2012 WL 5265727, at *7 (S.D.N.Y. Oct. 24, 2012) (The inclusion of a prayer for equitable relief in [a] [p]laintiff's Complaint does not permit [a] [c]ourt to freeze assets to preserve possible legal damages.").

Indeed, in her complaint, the Trustee states that "[t]he narrow issue before the Bankruptcy Court . . . is the failure of Soundview Composite . . . to honor its *contractual obligation*." Complaint ¶ 14, *In re Soundview Elite, Ltd.*, No. 14-cv-1923 (REG), ECF No. 1 (emphasis added).

### IV.

**THE BANKRUPTCY COURT ERRED IN FINDING THAT SOUNDVIEW COMPOSITE WAIVED THE ATTORNEY-CLIENT PRIVILEGE**

"Subject matter waiver" is addressed in Federal Rule of Evidence 502(a):

> When [a] disclosure is made in a federal proceeding . . . and waives the attorney-client privilege . . . the waiver extends to an undisclosed communication or information . . . only if: (1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together.

Fed. R. Evid. 502(a). The Advisory Committee Notes to Rule 502(a) further explain that "subject matter waiver is limited to situations in which a party intentionally puts protected information into the litigation in a selective, misleading and unfair manner." Fed. R. Evid. 502(a) Advisory Committee Notes cmt. a. Accordingly, "even when a disclosure is intentional, the scope of any subject matter waiver ordinarily is quite 'narrow.'" *Swift Spindrift, Ltd. v. Alvada Ins., Inc.*, No. 09-cv-9342 (AJN) (FM), 2013 WL 3815970, at *5 (S.D.N.Y. July 24, 2013) (citation omitted).

8

Here, Levine argues that, based on disclosures made by Fletcher in a letter to the Bankruptcy Court "[a]s a director of Soundview Composite," Soundview Composite waived its attorney-client privilege with respect to "the August 8 [O]rder, the payment of Levine's fees, the settlement, the restraint on [the Wilmington Trust Account] and Levine's advice on the litigation of strategy to counter it." Levine Br. at 22. However, Levine's interpretation of the scope of Fletcher's disclosures to the court is overbroad. In his letter to the Bankruptcy Court, Fletcher quoted from two emails between himself and Levine. In the first email, Fletcher sought "clarification" on a *single* issue—whether "the judge intend[ed] to require Soundview Capital Management [a different entity than Soundview Composite, Levine's client] to pay [Levine's] fees."[5] In the second email, Levine threatened Fletcher with public disclosure of certain information if Levine was not paid and did not receive certain information by a fixed date and time.

A review of the September 3 Hearing clearly indicates that the Bankruptcy Court engaged in no analysis regarding whether or not Soundview Composite had intentionally waived the attorney-client privilege and, if so, the fair scope of such waiver. When Levine began to disclose privileged material during the hearing, Fletcher stated, "Your Honor, I object." Sept. 3 Hearing Tr. at 10:8. The Bankruptcy Court then immediately "overrul[ed] that objection," and stated that Fletcher "opened the door, by . . . having disclosed confidential communications." *Id.* at 10:9–14. The Bankruptcy Court's finding of waiver was made without: (a) giving Soundview Composite—still represented by Levine at that hearing—an opportunity to be heard; or (b) engaging in an analysis to determine the scope of the waiver.

---

5 Letter from Alphonse Fletcher, Jr., to Judge Robert E. Gerber, at 1 (Sept. 2, 2014), 14-ap-1923 (REG) (Bankr. S.D.N.Y. Sept. 2, 2014), ECF No. 34.

9

It is a basic principle of law that "[d]ue process requires 'notice and an opportunity to be heard.'" *Fastiggi v. Comm'r*, No. 11-cv-997 (RA), 2014 WL 1285125, at *4 (S.D.N.Y. Mar. 31, 2014) (quoting *Dusenberry v. United States,* 534 U.S. 161, 167 (2002)). Because the Bankruptcy Court neither gave Fletcher (or Soundview Composite) an opportunity to be heard on the issue of waiver nor provided sufficient notice as to the scope of the waiver, the Bankruptcy Court's findings regarding waiver were a denial of due process, and should therefore be reversed.

Levine also argues that waiver of the attorney-client privilege should be found because Soundview Composite engaged in an "attack on the quality of Levine's representation" that warrants the application of the under the "at issue" doctrine. Levine Br. at 22. However, the "at issue" doctrine is not applicable here. Neither Fletcher nor Soundview Composite has asserted *any* claim or defense against Levine in the adversary proceeding in Bankruptcy Court; indeed, it would be impossible to do so, because Levine is not a party to the adversary proceeding.

## CONCLUSION

For the reasons set forth above, Fletcher respectfully submits that the September 23 Order should be reversed.

Dated: New York, New York
      January 20, 2015

      SHER TREMONTE LLP

      By: /s/ Robert Knuts
          Robert Knuts
      80 Broad Street, Suite 1301
      New York, New York 10004
      Tel: 212.202.2600
      Email: rknuts@shertremonte.com

      *Attorneys for Appellant Alphonse Fletcher, Jr.*